UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN A. MCINTOSH,

                                                                   DECISION & ORDER

                  Plaintiff,

                                                                   14-CV-6257CJS

            v.

THE COUNTY OF MONROE, NEW YORK,
et al.,

                  Defendants.
_____

Pending before this Court is a motion by defendant Gregory Prokop for an order compelling plaintiff to execute an unsealing affidavit relating to the underlying criminal proceedings which give rise to certain of the claims asserted by plaintiff in this civil action. (Docket # 25). Although this Court issued a motion scheduling order setting a deadline of March 19, 2018, for plaintiff to file any papers responding to the application (Docket # 27), plaintiff did not file any opposition papers by that date. Subsequent to that date, plaintiff filed two submissions which appear to summarize the alleged facts relating to his claims. (Docket ## 29, 31). Neither submission addresses the defendant's request for an order requiring plaintiff to execute an unsealing affidavit. (*Id.*).

Persuasive authority supports defendant's application. *See*, *e.g.*, *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000) ("a party who voluntarily initiates a civil action that [raises] issues covered by [New York Criminal Procedure Law] § 160.50 can therefore be viewed as having waived the protective veil of privacy that the law affords") (citing *Kalogris v. Roberts*, 185 A.D.2d 335, 335 (N.Y. App. Div. 1992)); *Cicero v. City of New York*, 2011 WL

3099898, *2 (E.D.N.Y. 2011) ("courts have held that if a former defendant puts into issue in a civil action elements common both to the civil action and to a former criminal prosecution, that party waives the privilege [of confidentiality and sealing] conferred by the statute") (internal quotations and citations omitted); *Weir v. City of New York*, 2007 WL 528813, *3 (S.D.N.Y. 2007) (directing plaintiff to provide counsel for defendant with a "signed and notarized release of his rights" under N.Y. Crim. Proc. Law § 160.50 and noting that failure to do so would likely result in a recommended order of dismissal).

Considering this authority, and the absence of any opposition filed by plaintiff, defendant's motion is granted. Accordingly, by no later than **July 27, 2018**, plaintiff shall provide to counsel for defendant Prokop an executed unsealing affidavit in the form attached to defendant's motion papers at Docket # 25-2, pages 2-3.

In addition, defendant's unopposed application for an order extending by 90 days the deadlines for completion of fact discovery and filing of dispositive motions (Docket # 25-1 at 3) is also granted. Accordingly, this Court's February 16, 2018 Amended Scheduling Order (Docket # 26) shall be amended as follows:

1. All discovery in this case shall conclude on **October 4, 2018**. All motions to compel discovery shall be made returnable on or before **November 5, 2018**.

2. All dispositive motions shall be filed no later than **February 4, 2019**.
**<u>NOTE</u>: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

3. Responding papers are due by **March 4, 2019**. Reply papers, if any, shall be filed by **March 18, 2019**. The motion will be taken under advisement without oral argument.

4. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

5. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

6. **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

        *s/Marian W. Payson*
        MARIAN W. PAYSON
        United States Magistrate Judge

Dated: Rochester, New York
      July 6, 2018

# *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7.1(e) and 56.1 of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 56.1(e) of the Local Rules of Civil Procedure for the Western District of New York.**